IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SHARON BUSH ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 116-175 |
| ) | |
| THE CONSOLIDATED CITY OF ) | |
| AUGUSTA and JOHN DOE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff commenced the above-captioned case *pro se*. Because she is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

In her complaint, Plaintiff names as Defendants The Consolidated City of Augusta, John Doe City Manager of Augusta, John Doe Chief of Police, and four John Doe police officers. (Doc. no. 1, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Over a thirteen-month time period beginning in July 2015, Plaintiff received five bogus tickets from Unit T-2 of the Augusta Police. (Doc. no. 1, p. 1.) She complained to the supervisors of the unit, but they told her she has no recourse because the officers are just doing

their jobs and others have also received tickets for speeding or other similar violations. (Id. at 4.) According to Plaintiff, these bogus tickets are "class of one" discrimination against her in violation of the Equal Protection Clause. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it

2

"offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for an Equal Protection Violation.

Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. The Supreme Court has interpreted the clause to include "claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted). Under the Eleventh Circuit's two-pronged test for "class of one" equal protection claims, a plaintiff must show "(1) that [s]he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against [her]." Leib v. Hillsborough Cty. Pub. Transp. Comm'n, 558 F.3d 1301, 1307 (11th Cir. 2009).

Here, Plaintiff fails to allege any facts indicating she was treated differently from other similarly situated individuals. Indeed, Plaintiff identifies no comparators with whom she is similarly situated; she merely alleges she is receiving discriminatory and harassing bogus tickets. Such allegations are insufficient to make out a claim for a class of one equal protection violation. See Apothecary Dev. Corp. v. City of Marco Island, Fla., 517 F. App'x 890, 892 (11th Cir. 2013) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1367-68 (11th Cir.1998), *abrogated on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009)) ("Bare allegations that 'other' [pharmacies], even 'all other' [pharmacies], were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' [pharmacies] were situated similarly to the plaintiff."); Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1342 (S.D. Fla. 2014) (Plaintiffs failed to state a claim where they did not "identify any comparators in the Complaint and only generally allege[d] the treatment received by Plaintiffs was different from that of others similarly situated").

Accordingly, Plaintiff fails to state a claim for an equal protection violation and her complaint should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 7th day of February, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA