IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SHARON BUSH ELLISON,            *
                                *
     Plaintiff,                 *
                                *
          v.                    *     CV 116-175
                                *
THE CONSOLIDATED CITY OF        *
AUGUSTA, *et al.*,              *
                                *
     Defendants.                *

O R D E R

Plaintiff, proceeding *pro se*, filed a motion seeking copies of court documents without prepayment of costs in this closed case. (Doc. 18.) Plaintiff asserts that she is entitled to the requested documents without prepayment of costs because she was previously granted leave to proceed *in forma pauperis* in this matter and is "unable to pay the costs of case documents without enduring financial hardship later." (Id.; see also Doc. 6.) Plaintiff asserts that she needs the requested documents "for purposes of legal evidence or research." (Doc. 18.) Yet "[l]itigants must bear their own litigation expenses." Doye v. Colvin, CV408-174, 2009 WL 764980, at *1 (S.D. Ga. Mar. 23, 2009). "While the *in forma pauperis* statute provides access to the court to an indigent litigant by permitting the waiver of

prepayment of fees and costs, no provision of that statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Id. (internal quotations and citations omitted)); see also Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ."); Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding in forma pauperis, to free copies of court documents, including his own pleadings."). Indeed, "[t]he statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation." Harless v. United States, 329 F.2d 397, 398-99 (5th Cir. 1964) (citations omitted); see also Porter v. Dep't of Treasury, 564 F.3d 176, 180 n.3 (3d Cir. 2009) ("[T]he granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs; expert witness fees; or sanctions." (internal citations omitted)); Hullom v. Kent, 262 F.2d 862, 863 (6th Cir. 1959) ("The statutory right to proceed in forma

2

*pauperis* does not include the right to obtain copies of court orders without payment therefor." (internal citations omitted)).

Accordingly, upon due consideration, Plaintiff's motion seeking copies of court documents without prepayment of costs (doc. 18.) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 5th day of March, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA