IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON BUSH ELLISON, | * | |
| Plaintiff, | * | |
| v. | * | CV 116-175 |
| THE CONSOLIDATED CITY OF AUGUSTA and JOHN DOE OFFICERS, | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Plaintiff's "Good Cause and Motion for Leave to File Out of Time Motion for Relief from Judgment." (Doc. 26.) Pursuant to the Magistrate Judge's Report and Recommendation (the "R&R") (Doc. 10), the case was dismissed, and the civil action was closed, on March 6, 2017 (Doc. 12). Plaintiff then filed a motion for extension of time to file objections to the R&R (Doc. 16) which the Court denied on March 28, 2017 (Doc. 17). On August 6, 2018, Plaintiff then filed a "Good Cause and Out of Time Motion for Extension of Time to File Motion for New Trial." (Doc. 20.) Pursuant to Federal Rule of Civil Procedure 6(b)(2), the Court denied Plaintiff's motion because the Court does not have the authority to extend the time for filing Rule 59(b) or 59(e) motions. (See Doc. 24.)

Despite the Court's prior Orders, on April 6, 2021, Plaintiff again filed a motion for leave to file an out of time motion for relief from judgment. (Doc. 26.) Plaintiff asserts that even though it has been more than a year since the initial Orders involving the pandemic, she has been subject to extreme hardships which have prevented her from obtaining suitable work, resulting in a lack of qualification for a suitable house, which in turn has made her unable to receive all of her mail. (Id. at 1-2.) Further, Plaintiff asserts her motion for relief from judgment shall be granted based on: (1) "newly discovered evidence that with reasonable diligence could not have been discovered without the receipt of each Order entered in this case," (2) "intrinsic fraud basis," (3) "extrinsic fraud basis," and (3) "[a]ll other appropriate relievable matters in this case." (Id. at 4.) The Court construes this *pro se* filing to be a motion for relief from judgment under Rule 60(b).

Rule 60(b) typically permits courts to relieve a party from final judgment for six reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud, . . . misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that

2

has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Motions under Rule 60(b) must be made within a reasonable time, and those made under subsections (b)(1), (2), and (3) must be made no later than a year after the entry of judgment. See FED. R. CIV. P. 60(c)(1). However, Rule 6(b)(2) prohibits the Court from extending the time to file a motion under Rule 60(b). Therefore, the Court may not extend the time for Plaintiff to file her motion. See FED. R. CIV. P. 6(b)(2) "(A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

Based on the foregoing, the Court **DENIES** Plaintiff's motion. (Doc. 26.) This case stands closed.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of April, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA